

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>JAMES F. HUMPHREYS<br>& ASSOCIATES, L.C.<br><br>       Debtor. | CASE NO. 2:16-bk-20006<br><br>CHAPTER 11<br><br>JUDGE FRANK W. VOLK |
| JAMES F. HUMPHREYS & ASSOCIATES, L.C.<br><br>       Plaintiffs,<br>v.<br><br>IRA CALVARY HORNE AND MAVIS HORNE and<br>BEVERLY CHARLENE MCCORMICK and<br>LIANA R. WOODS and JOSHUA SAVAGE and<br>CLARENCE CHILDRESS and MICHAEL R. REMLEY and<br>SHAWN BOYD and TERRI DYE and<br>MYRON G. CORDLE and LINDA HUBBARD and<br>PAM ROBBINS and CAROLYN HORNE and<br>WILLIAM ERIC KIDD and CARRIE HAMMOND and<br>ELDEN JAMES HORNE and JONCE SAMUEL WRIGHT and<br>WADE FERRELL and MICHAEL BOYD and<br>CHARLES ROBINETTE and SANDRA S. BROCE and<br>JACK HAMM and MARK RATLIFF and<br>RALPH HARMAN and JOSEPH HORNE and<br>TEDDY HORNE and JAMES LESTER and<br>JOHN DOES 1-500<br><br>       Defendants. | A.P NO. 2:16-ap-2007 |

### MEMORANDUM OPINION AND ORDER
### RESPECTING DEFENDANTS' MOTION TO DISMISS AND THE MOTION BY
### JAMES F. HUMPHREYS AND ASSOCIATES, LC, TO EXTEND THE AUTOMATIC
### STAY TO JAMES F. HUMPHREYS OR, IN THE ALTERNATIVE, FOR A
### PRELIMINARY INJUNCTION AGAINST THE DEFENDANTS

Pending are the Defendants' motion to dismiss [Dckt. 18] and the renewed motion by James F. Humphreys and Associates, LC (the "Firm") to extend the automatic stay to James F. Humphreys ("Mr. Humphreys") or, in the alternative, for a preliminary injunction against the Defendants pursuant to 11 U.S.C. §§ 105(a) and 362(a) of the Bankruptcy Code ("renewed motion to extend") [Dckt. 23].

On August 24, 2016, the Court offered an opportunity for argument on the motions. The matter is ready for adjudication. The discussion that follows assumes a familiarity with the factual and legal circumstances set forth at length in the July 15, 2016, memorandum opinion and order ("July Ruling") entered in *Horne v. Humphreys*, A.P. No. 2:16-ap-2004 (S.D. W. Va. Bankr. Jul. 15, 2016).

I.

*A.     General Background*

Mr. Humphreys is the founder, sole shareholder, President and arguably the largest creditor of the Firm. Mr. Humphreys and an independent contractor are the only lawyers currently employed by the Firm. The Defendants allege, *inter alia*, legal malpractice, breach of fiduciary duty, fraud and misrepresentation, and spoliation of evidence claims arising out of their representation by the Firm. Many of the Defendants have instituted lawsuits against Mr. Humphreys and seek proceeds from the Firm's professional liability insurance policies, the most oft-discussed of which is a policy issued by Liberty Insurance Underwriter's Inc. ("Liberty"), as more fully discussed in the July Ruling. Mr. Humphreys is covered by that policy. According to Mr. Humphreys and the Firm, "[t]he Defendants have made demands for amounts well in excess

2

of the limits of" the policy. (Resp. to Mot. to Dism. at 4). Mr. Humphreys and the Firm have accrued substantial legal fees defending against the Defendants' claims.

Presently, the civil action filed by Ira and Mavis Horne ("*Horne* Action") is awaiting trial in the Circuit Court of Kanawha County. On August 3, 2016, an additional eighteen (18) civil actions ("18 Related Actions") were instituted in the Circuit Court of Kanawha County by the remaining Defendants. Those new civil actions allege substantially the same wrongdoing pled in the *Horne* Action.[1] The Firm asserted at the time of its renewed motion that the Liberty policy is of a wasting nature, meaning that the fees and costs expended on defense obligations will diminish available proceeds. For any claim paid under the Liberty policy a $25,000 deductible is payable.

C.    *The Linkage Between the Firm and Mr. Humphreys*

In 1996, Mr. Humphreys formed the Firm. He has continuously served as its President. Mr. Humphreys has also guaranteed all of the Firm's secured debt and, in the past five years, has personally loaned the Firm millions of dollars. It is expected that Mr. Humphreys will

---

[1] The Firm removed the *Horne* action to this Court. On July 15, 2016, the Court remanded the claims as to Mr. Humphreys. Linda Hubbard, another client of the Hornes' counsel, has filed a proof of claim in the bankruptcy. The Hornes have likewise filed two identical proofs of claim asserting damages against the Firm and Mr. Humphreys.

The Firm notes two other civil litigation matters, both of which appear either dormant or resolved. First, Defendant Beverly McCormick ("*McCormick* Action") instituted a putative class action in the Circuit Court of Kanawha County alleging legal malpractice during the Firm's representation of her deceased husband. Following removal by the Firm, the action was voluntarily dismissed on June 6, 2016. The Firm contends that counsel for the Defendants intends to file another class action based on the allegations in the now-dismissed case.

Second, the Estate of Conard Litton ("Litton Claim") filed a proof of claim and amended proof of claim respectively on February 5 and April 25, 2016. The amended proof of claim alleges that it is based on the Firm's failure to file appropriate bankruptcy and administrative claims following the death of Mr. Litton. This claim has now been resolved by settlement.

Case 2:16-ap-02007   Doc 32   Filed 09/26/16   Entered 09/26/16 12:19:28   Desc Main
                          Document      Page 4 of 11

make substantial monetary and other contributions to the estate, providing plan funding and claim disposition assistance. It is asserted that these contributions from Mr. Humphreys are critical if reorganization, and resulting dividends, will occur. The Firm also notes that recent litigation demands from opposing parties exceed available insurance coverage.

The Firm asserts that if the aforementioned actions proceed against Mr. Humphreys, he will be forced to expend substantial time and effort in defense, diverting his income production efforts and causing his unavailability at this critical time. In sum, according to the Firm:

> Litigation which deprives the Debtor of the benefit of the continued services and new value contributions of Mr. Humphreys would impair Debtor's ability to make a fair and equitable and equal distribution to the many creditors of the Debtor.
>
> Continuation of the Actions will impede the Debtor from securing the necessary monetary and other contributions from Mr. Humphreys that are essential to the Debtor's reorganization.

(Compl. ¶¶ 46-47).

C.   *Procedural Background and Substance of This Action*

On January 13, 2016, the Firm petitioned for relief under Chapter 11. On February 8, 2016, the Firm instituted this adversary proceeding seeking (1) a declaratory judgment pursuant to 11 U.S.C. §§362(a)(1) and 362(a)(3) to extend the automatic stay to include the commencement or continuation of litigation by the Defendants against Mr. Humphreys or, alternatively, (2) a preliminary injunction pursuant to 11.U.S.C. §105(a) to stay or enjoin the continuation and commencement of those same lawsuits. The complaint provides pertinently as follows:

> Plaintiffs seek an order staying the Actions in all their particulars, and enjoining any as-yet unfiled law suits by John Does against Mr. Humphreys pursuant to 28 U.S.C. § 2201 and Sections 105(a), 362(a)(1) and 362(a)(3) of the Bankruptcy Code.

4

>    Pursuant to the Court's exercise of its authority under Section 105, the Court may "issue or extend stays to enjoin a variety of proceedings…which will have an adverse impact on the Debtor's ability to formulate a Chapter 11 plan." *In re Johns-Manville Corp.*, 40 B.R. 219, 226 (SDNY 1984).
>
>    Further, the automatic stay under § 362(a)(1) is made applicable to the Actions against Mr. Humphreys pursuant to the "unusual circumstances" exception to that provision of the Bankruptcy Code.
>
>    "Unusual circumstances" exist because the Debtor and Mr. Humphreys, the sole owner and an officer of the Debtor and the guarantor of all of the Debtor's secured debt, have interests that are inextricably interwoven, such that "the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *See*, *A.H Robins Co., Inc. v. Piccinin*, *supra*, 788 F.2d at 999.

(Compl. ¶¶ 65-68).

On February 19, 2016, the Court denied the preliminary injunction motion without prejudice inasmuch as the Firm represented the Court need not address the motion at that time. In the July Ruling, the Court observed the possibility that the Firm might seek stay relief as to Mr. Humphreys. (*See*, *e.g.*, July Ruling at 17). As noted, the Firm has now renewed its request for that abatement.

**A.     Defendants' Motion to Dismiss**

### 1. Governing Standard

Federal Rule of Civil Procedure 12(b)(6) is made applicable to adversary proceedings by its insolvency counterpart, Federal Rule of Bankruptcy Procedure 7012(b). Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint

5

when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The Court

6

is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B.     Analysis**

The Defendants assert the complaint must be dismissed on four grounds.  First, they contend that neither the necessary "unusual circumstances" required by *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986), nor its three additional grounds for a non-debtor stay, are present in this action. Second, they assert that the interrelatedness necessary for stay extension is absent inasmuch as Mr. Humphreys is independently liable as a joint tortfeasor. Third, the Defendants assert the many allegations in the complaint do not give rise to a plausible claim under the *Twombly/Iqbal* line.  Fourth, they assert a preliminary injunction should not issue as the Firm has not satisfied the weighty burden placed upon it by our court of appeals' watershed decision in *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir. 2009).

The first two and fourth grounds are, to the extent necessary, more appropriately considered in the analysis of the renewed motion to extend.  The third ground is susceptible to summary disposition inasmuch as the allegations of the complaint make out a plausible claim for extending the stay to Mr. Humphreys.

The Court, accordingly, **ORDERS** that the motion to dismiss be, and hereby is, **DENIED** inasmuch as the request for relief found in the complaint is appropriate for disposition on the merits.

7

**B.     The Firm's Renewed Motion to Extend**

### 1. Governing Standard

A title 11 petition triggers what Congress referred to as an "[a]utomatic stay" under 11 U.S.C. § 362(a). 11 U.S.C. § 362. The stay bars creditors from "collection activity for the duration of the proceeding . . . ." *Tidewater Finance Co. v. Williams*, 498 F.3d 249, 252 (4th Cir. 2007); *see Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994). The automatic stay provides protection against, *inter alia*, the following:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
>     . . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(1), (3). The Firm's request to extend to Mr. Humphreys the protections of the stay is based upon our court of appeals' decision in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). The decision in *Robins* observed as follows:

> [I]n order for relief for . . . non-bankrupt defendants to be available under [362](a)(1), there must be "unusual circumstances" and certainly "'[s]omething more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties.' " This "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that *the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor*. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case.

*Robins*, 788 F.2d at 999 (emphasis added). In expanding on the matter, the court of appeals in *Robins* appeared to agree with a published bankruptcy court decision that would not extend the stay where the nonbankrupt "was 'independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of duty." *Id.* (quoting *In Re Metal Center*, 31 B.R. 458 (D. Conn. 1983), noting also that the cited decision observed under such circumstances "the automatic stay would clearly not extend to such non debtor.").

The decision in *Robins*, however, did not confine itself to the restrictive analysis governing a section 362(a)(1) extension. The panel also discussed at length the justification for a stay extension under section 362(a)(3):

> Subsection (a)(3) directs stays of any action, whether against the debtor or third-parties, to obtain possession or to exercise control over property of the debtor. A key phrase in the construction and application of this section is, of course, "property" as that term is used in the Act. . . .
>
> Under the weight of authority, insurance contracts have been said to be embraced in this statutory definition of "property." . . . A products liability policy of the debtor is similarly within the principle: it is a valuable property of a debtor, particularly if the debtor *is confronted with substantial liability claims within the coverage of the policy in which case the policy may well be*, as one court has remarked in a case like the one under review, "the most important asset of [i.e., the debtor's] estate," *Any action in which the judgment may diminish this "important asset" is unquestionably subject to a stay under this subsection.* Accordingly actions "related to" the bankruptcy proceedings against the insurer *or against officers or employees of the debtor who may be entitled to indemnification under such policy or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3)*.

*Robins*, 788 F.2d at 1001–02 (citations and footnotes omitted).

9

## 2. Analysis

At the outset, it is necessary to sharpen the focus on the immediacy and landscape of litigation truly confronting Mr. Humphreys. First, the Related Actions have been stayed pending the further order of the Court. The stay order contemplates a cost-saving consolidation for purposes of considering, if challenged, the continued exercise of subject matter jurisdiction over the Related Actions. Aside from the briefing of this single issue, with which the parties are exceedingly familiar following the July Ruling, it would be expected that minimal time and expense would result in the issues being fully joined, during which time the Related Actions would continue to be stayed. Second, the *McCormick* Action was voluntarily dismissed. There is thus no litigation pending against Mr. Humphreys in that matter at this time. Third, the *Litton* Claim has been settled. It too promises no consumption of either Mr. Humphreys' time or resources presently. In sum, then, the Court considers only the extension of the stay to Mr. Humphreys as to the *Horne* Action. Unlike other actions that have sanctioned pre-filing injunctions, the necessity here seems slight and speculative.

Moving to the question of whether the *Horne* Action should be stayed, and without considering the other grounds for stay relief under sections 362 or 105, the section 362(a)(3) extension analysis appears to apply. To the extent that the Liberty policy provides partial or full coverage for defense or indemnity, it is valuable property of the Firm. The judgment in the *Horne* Action against Mr. Humphreys as the Firm President perhaps entitled to coverage could diminish this asset, and it is thus "unquestionably subject to a stay under" under section 362(a)(3) and *Robins*.

The reach of the Liberty policy depends, of course, on the outcome of the declaratory action pending in the District Court, a matter poised to ultimately determine the extent

to which, if at all, the Liberty policy provides a defense or coverage. If the Court permits the *Horne* Action to proceed, however, the policy limits will be further drawn down in the interim. That prospect of diminution is sufficiently serious to support a stay under section 362(a)(3), pending the District Court declaration.

To avoid the effect of this analysis, the Defendants focus on the extent that this potential estate asset would be affected by the *Horne* Action:

> This ground also does not apply because the claims against the Debtor, or both the Debtor and Mr. Humphreys, that would be covered under the Liberty Insurance Underwriters, Inc. malpractice insurance policy are not "substantial," and thus the policy itself is not such an "important asset" of the estate that it would warrant extension of the automatic stay to the non-debtor Mr. Humphreys under this ground.

(Defs.' Mot. to Dism. ¶ 13). Elsewhere in their briefing, the Defendants assert that "the vast majority of the Hornes' claims against the Debtor (and Mr. Humphreys) will not be covered under the policy." (Defs.' Mem. in Supp. at 10). The Defendants further speculate on grounds that might justify the denial of coverage. While such considerations have a place in the largely commonsense confines of the permissive abstention analysis, they lose nearly all their steam in the steep, uphill barrier that is section 362(a)(3). In sum, beyond a purely *de minimis* impact, the extent to which the estate property is affected is not the question. Any material effect appears to fall under the *Robins* analysis.

It is, accordingly, **ORDERED** that the renewed motion to extend be, and hereby is, granted to the extent set forth above and otherwise **DENIED** without prejudice as to its residue.

The Clerk is directed to send a copy of this order to all counsel and parties entitled to notice.